(March 18, 1915.)

ESTHER A. VAN CAMP, Executrix of the Estate of JAMES H. VAN CAMP, Deceased, et al., Respondents, v. JOSEPH RODGERS, Appellant.

[147 Pac. 1056.]

DAMAGES—DEMURRER—CHANGE OF VENUE—ADMITTING EVIDENCE—NEW TRIAL.

    1. *Held,* that the court did not err in overruling the demurrer to amended complaint, in denying defendant's motion for a change of venue, in admitting certain evidence and in overruling the defendant's motion for a new trial.

APPEAL from the District Court of the Sixth Judicial District for Custer County.    Hon. J. M. Stevens, Judge.

Action to recover damages on account of injury to crops and land by reason of defendant's depriving the plaintiffs and their predecessor in interest of certain water to which they were entitled for the irrigation of said land.    Judgment for plaintiffs.    *Affirmed.*

L. E. Glennon, for Appellant.

W. W. Adamson, for Respondents.

SULLIVAN, C. J.—This action was brought to recover damages alleged to have been suffered by the plaintiffs by reason of the defendant's interfering with their use of water for irrigating certain lands to which they allege they were entitled during the years 1909, 1910, 1911 and 1912.    In the original complaint the damages claimed amounted to $7,640. A demurrer to the complaint was confessed by the plaintiffs and the amended complaint was filed in which the damages claimed amounted to $6,680.    A demurrer to the amended complaint was overruled and the case was tried by the court with a jury, and resulted in a verdict and judgment for the plaintiffs in the sum of $1,665.    A motion for a new trial was denied and the appeal is from the judgment and order denying a new trial.

The appellant assigns as error the overruling of the demurrer to the amended complaint, the denying of defendant's motion for a change of venue, the admitting of certain evidence and the overruling of defendant's motion for a new trial.

Upon a careful examination of all of the errors assigned we are fully satisfied that the record contains no reversible error. The court did not err in overruling the demurrer to the amended complaint; did not err in denying the defendant's motion for a change of venue; did not err in the admission of evidence, nor in overruling defendant's motion for a new trial.

We therefore conclude that the judgment must be affirmed, and it is so ordered, with costs in favor of the respondent.

Budge and Morgan, JJ., concur.

Petition for rehearing denied.